**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4770**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

      v.

TYNISHA MARTIN KADIRI, a/k/a Martin Kadiri, a/k/a T D Martin, a/k/a Tynisha Martin, a/k/a Shug,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:17-cr-00367-JKB-1)

Submitted: June 20, 2019                    Decided: June 24, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Matthew J. Maddox, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tynisha Martin Kadiri appeals the 48-month sentence imposed after a jury convicted her of two counts of aiding or assisting in the filing of false tax returns, in violation of 26 U.S.C. § 7206(2) (2012), and two counts of willfully failing to file tax returns, in violation of 26 U.S.C. § 7203 (2012). On appeal, Kadiri challenges the district court's application of an abuse-of-trust enhancement, *see* U.S. Sentencing Guidelines Manual § 3B1.3 (2016), as well as the court's reliance on the findings underlying the enhancement to justify an upward variance sentence. For the reasons that follow, we affirm.

Because Kadiri did not raise her sentencing claims before the district court, we review only for plain error. *United States v. Harris*, 890 F.3d 480, 490 (4th Cir. 2018). To prevail under this standard, Kadiri must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 491 (internal quotation marks omitted).

Although Kadiri contests the district court's decision to apply § 3B1.3, she concedes that the enhancement ultimately had no impact on her Sentencing Guidelines range. Because there is no dispute that the court arrived at the correct range, we conclude that any Guidelines error did not affect Kadiri's substantial rights. *See United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018) (providing that third plain error prong requires "show[ing] that the error actually affected the outcome of the district court proceedings" (internal quotation marks omitted)). In addition, we discern no error in the district court's

2

consideration of the gross abuse of trust occasioned by Kadiri's fraudulent conduct in selecting the upward variance sentence the court imposed. *See* 18 U.S.C. § 3553(a)(1) (2012) (directing sentencing court to consider "the nature and circumstances of the offense").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
